IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

      Plaintiff,                    No. CIV S- 05-2478 FCD DAD P

   vs.

J.D. NELSON, et al.,

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. §1915.

        The court's records reveal that on at least three occasions prior to the filing of this action lawsuits filed by plaintiff in this district were dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.[1] See Order filed June 21, 1999, in Campbell v. Butts, No. CIV F-98-6483 AWI SMS P (E.D. Cal.); Order filed March 27, 2001, in Campbell v. Randalph, No. CIV F-99-5462 REC HGB P (E.D. Cal.); and Order filed May 27, 2005, in Campbell v. Baughman, No. CIV S-05-0066 MCE DAD P

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

(E.D. Cal.). Plaintiff was incarcerated when he brought each of these actions, and he did not take an appeal from the final judgment in any of them.

A prisoner may not bring a civil action or appeal a civil judgment under the in forma pauperis statute

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the present case, plaintiff is seeking millions of dollars in damages from correctional staff for procedural due process violations alleged to have occurred in May 2005. Plaintiff does not claim he is under imminent danger of serious physical injury. Nor has plaintiff alleged facts demonstrating that he is under imminent danger of serious physical injury. Plaintiff is therefore barred by § 1915(g) from proceeding in forma pauperis.

The undersigned finds that it would be futile to grant plaintiff an opportunity to pay the $250.00 filing fee for this case. Plaintiff's current in forma pauperis application reveals that he has a negative balance in his prison trust account and that he has had no funds in his account since March 1, 2005. Plaintiff has been provided with an opportunity to pay the filing fee in numerous cases filed since May 27, 2005, when he suffered his third strike for purposes of § 1915(g), and he has not paid the fee in any case. Accordingly, the undersigned will recommend that plaintiff's in forma pauperis application be denied and that this action be dismissed due to plaintiff's failure to pay the filing fee or show that he is entitled to proceed in forma pauperis pursuant to the imminent danger exception to the § 1915(g) bar.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's December 7, 2005 application to proceed in forma pauperis be denied and that this action be dismissed without prejudice to the filing of a paid action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fifteen** days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 15, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:mp
camp2478.feef&r

3